## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**CARMEN RAMOS-SANDOZ,**
    **Plaintiff,**

**V.**

**WAYNE FARMS, LLC,**
    **Defendant.**

2017 APR 10 P 3:00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**JURY TRIAL DEMANDED**

**CIVIL ACTION NO. 1:17-cv-212**

)
)
)
)
)

## COMPLAINT

**COMES NOW**, Plaintiff, Carmen Ramos-Sandoz, and brings this complaint against Defendant, Wayne Farms, LLC:

### I.   JURISDICTION

1.   This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly Title VII of the Civil Rights Act of 1964, as amended, specifically 42 U.S.C. §2000 e-2(a); Title I of the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101, et seq.  Declaratory relief is sought under 28 U.S.C. §§2201 and 2202.

2.   The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343, U.S.C § 2000e-5(f)(1) and (3).

3.   The violations of Plaintiff's rights as alleged herein were committed within the Middle District of Alabama.

### II.   PARTIES

4.   Plaintiff Carmen Ramos is an adult female who resides at 91 Green Acres Circle, Daleville, Alabama 36322.  Plaintiff performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case.  Pursuant to 28 U.S.C. §1391 (b), venue for this action lies in the Middle District, Southern Division.

5.      Defendant Wayne Farms, LLC is a resident business corporation with a place of business located at 1020 County Road 114, Jack, Alabama, 36346.

6.      Defendant Wayne Farms, LLC is an entity subject to suit under 28 U.S.C. §1331 and 29 U.S.C. §2617 (a)(2).  Defendant employed at least fifty persona for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year. Defendant employed these fifty employees within 74 miles of Plaintiff's worksite.

7.      At all times material hereto, the Defendant was engaged, and continues to be engaged, in an industry affecting interstate commerce.

## III.    ADMINISTRATIVE PREREQUISITES

8.      Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (EEOC) on March 28, 2016, alleging unlawful discrimination on account of race, national origin, and disability, against Defendant.

9.      The EEOC sent the Plaintiff a Notice of Right to Sue on January 9, 2017.

## IV.    EQUITABLE RELIEF

10.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged and this action for declaratory and injunctive relief is her only means of securing adequate relief.

## V.     JURY TRIAL DEMAND

11.     Plaintiff demands a trial by jury in this matter.

## VI.    FACTUAL ALLEGATIONS

12.     Plaintiff is a citizen of Puerto Rico, a territory of the United States.

13.     Plaintiff's national origin is of Puerto Rico.

2

14. Plaintiff is of the black, Hispanic race.

15. Plaintiff is, by virtue of Puerto Rican origin, a member of a physiognomically distinct class of people based upon racial and physical appearance characteristics.

16. Plaintiff was employed by Defendant as a line worker for over a year.

17. Plaintiff's employment with Defendants commenced on or about May 3, 2013.

18. At all times material hereto, Plaintiff performed her work for Defendant in a good, professional, and competent manner.

19. On February 1, 2014, Plaintiff was injured in the line and scope of her job, and filed for appropriate worker's compensation benefits. Plaintiff's left wrist was severely injured, requiring surgery.

20. Plaintiff's doctor restricted her work to several different levels of duties which the Defendant did not observe, nor comply with.

21. On October 17, 2014, the worker's compensation doctor placed Plaintiff at Maximum Medical Improvement.

22. On October 28, 2014, based upon Plaintiff's disability from the worker's compensation injury, the worker's compensation doctor, said Ms. Ramos was only able to work at a sedentary physical demand level for 8 hours a day.

23. Despite the doctor's recommendation, Defendant did not place Ms. Ramos in a job that required sedentary physical demand.

24. Despite a job requiring sedentary physical demand being open and available, and Plaintiff requesting such job, Defendant refused to allow Plaintiff to transfer to said job.

25.     On October 2, 2015, Defendant purportedly observed Plaintiff discussing her hand injury with another worker who had a similar injury and deemed that this "didn't seem right."

26.     On October 5, 2015, Plaintiff requested to go to the plant's nurse's office as she had been injured on the job due to not being allowed sedentary duty.

27.     On October 8, 2015, Defendant terminated Plaintiff's employment.

28.     Plaintiff was told to "speak English" multiple times by supervisors, and reprimanded by supervisors for remarking to other workers in Spanish.

29.     Plaintiff's use of Spanish in no way influenced her ability to do her job, nor did it compromise the safety of other employees or herself.


30.     Management employees made comments negatively portraying Puerto Ricans who worked for the company.

31.     The termination of Plaintiff's employment by Defendant was on account of Plaintiff's national origin.

32.     The reason stated by Defendant for termination of Plaintiff's employment was pretextual on account of Plaintiff's national origin.

33.     Defendant treated persons of a different racial classification and national origin than the Plaintiff more favorably than the Plaintiff.

34.     Plaintiff asked to be transferred to housekeeping, but was denied. A person of a different national origin and racial classification was placed in that position.

35.     The non-selection of the Plaintiff for a different position within the plant was on account of Plaintiff's racial classification and national origin.

4

36.     Defendant treated persons of a different national origin from the Plaintiff more favorably than the Plaintiff in the application process.

37.     The termination of Plaintiff's employment by Defendant was on account of Plaintiff's disability.

38.     The reason stated by Defendant for termination of Plaintiff's employment was pretextual on account of Plaintiff's disability.

39.     Defendant treated persons who were not disabled.

40.     Plaintiff asked to be transferred to housekeeping, but was denied. A person who was not disabled was placed in that position.

41.     The non-selection of the Plaintiff for a different position within the plant was on account of Plaintiff's disability.

42.     Defendant treated persons of a different national origin from the Plaintiff more favorably than the Plaintiff in the application process.

43.     As a result of the actions and omissions of Defendants, Plaintiff has suffered discrimination in her employment on account of her national origin and has been damaged.

44.     The actions and omissions of Defendants have been outrageous, extremely offensive, intentional, discriminatory and retaliatory against Plaintiff on a continuing basis and have been performed with malicious and reckless indifference to Plaintiff's civil rights.

## VII.   CAUSES OF ACTION

### COUNT I.   CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-2(a)
45.     Paragraphs 1 through 44 of this Complaint are incorporated herein by reference as though set forth in full.

46.     The actions described herein were in violation of the civil rights of the Plaintiff, occurred during the course of Plaintiff's employment with the Defendants and were carried out by the Defendant, its agents, servants, and employees.

47.     The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant because of Plaintiff's national origin.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a)     That this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of the Title VII of the Civil Rights Act of 1964;

(b)     That this court permanently enjoin the Defendants from engaging in discrimination against its employees on account of their national origin;

(c)     That this court permanently enjoin the Defendant from discriminating against its employees on the basis of national origin with regard to the terms and conditions of employment;

(d)     That this court order the Defendant to pay Plaintiff compensatory damages;

(e)     That this court order the Defendants to pay to Plaintiff punitive damages;

(f)     That this court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(g)     Entry of a money judgment, awarding Plaintiff damages representing lost wages and all sums of money, including retirement benefits and other employment benefits which Plaintiff would have earned had she not been discriminated against together with interest on said amounts; and

(h)     That this court award such other and further relief as may be just and equitable.

6

## COUNT II.    TITLE I AMERICANS WITH DISABILITIES ACT OF 1990; 42 U.S.C. §12101 ET SEQ.

48.    Paragraphs 1 through 47 of this Complaint are incorporated herein by reference as though set forth in full.

49.    Defendant failed to accommodate Plaintiff's disability by giving her sedentary work, despite Plaintiff's request for said accommodation.

50.    The actions described herein were in violation of the civil rights of the Plaintiff, occurred during the course of Plaintiff's employment with the Defendants and were carried out by the Defendant, its agents, servants, and employees.

51.    The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant because of Plaintiff's disability.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a)    That this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of Title I of the Americans with Disabilities Act of 1990;

(b)    That this court permanently enjoin the Defendants from engaging in discrimination against its employees on account of their disability;

(c)    That this court permanently enjoin the Defendant from discriminating against its employees on the basis of disability with regard to the terms and conditions of employment;

(d)    That this court order the Defendant to pay Plaintiff compensatory damages;

(e)    That this court order the Defendants to pay to Plaintiff punitive damages;

(f)     That this court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(g)     Entry of a money judgment, awarding Plaintiff damages representing lost wages and all sums of money, including retirement benefits and other employment benefits which Plaintiff would have earned had she not been discriminated against together with interest on said amounts; and

(h)     That this court award such other and further relief as may be just and equitable.

## COUNT III.   TITLE I AMERICANS WITH DISABILITIES ACT OF 1990; 42 U.S.C. §12101 ET SEQ.

52.     Paragraphs 1 through 51 of this Complaint are incorporated herein by reference as though set forth in full.

53.     Despite the fact Plaintiff was performing the essential functions of her job, as best she could, Defendant skipped steps in its disciplinary process; failed to engage in the interactive process to determine and accommodation that would allow the Plaintiff to stay employed, and treated her differently from her co-worker in terms of evaluations, discipline, and employment.

54.     Defendant's actions towards Plaintiff were discriminatory, and but for Plaintiff's disability, Plaintiff would not have been terminated.

55.     The actions described herein were in violation of the Americans with Disabilities Act of 1990, the civil rights of the Plaintiff, occurred during the course of Plaintiff's employment with the Defendants and were carried out by the Defendant, its agents, servants, and employees.

56.     The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant because of Plaintiff's disability.

8

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a) That this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of Title I of the Americans with Disabilities Act of 1990;

(b) That this court permanently enjoin the Defendants from engaging in discrimination against its employees on account of their disability;

(c) That this court permanently enjoin the Defendant from discriminating against its employees on the basis of disability with regard to the terms and conditions of employment;

(d) That this court order the Defendant to pay Plaintiff compensatory damages;

(e) That this court order the Defendants to pay to Plaintiff punitive damages;

(f) That this court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(g) Entry of a money judgment, awarding Plaintiff damages representing lost wages and all sums of money, including retirement benefits and other employment benefits which Plaintiff would have earned had she not been discriminated against together with interest on said amounts; and

(h) That this court award such other and further relief as may be just and equitable.

## COUNT IV. TITLE I AMERICANS WITH DISABILITIES ACT OF 1990; 42 U.S.C. §12101 ET SEQ.

57. Paragraphs 1 through 56 of this Complaint are incorporated herein by reference as though set forth in full.

58.     Until Plaintiff again complained of injury to her body, Plaintiff had been performing satisfactorily at Defendant's workplace.

59.     After Plaintiff informed Defendant again of her disability, she was written up, and summarily fired.

60.     But for Plaintiff's disability, Defendant would not have retaliated against Plaintiff for seeking reasonable accommodation.

61.     Defendant's actions towards Plaintiff were discriminatory, and but for Plaintiff's disability, Plaintiff would not have been terminated.

62.     The actions described herein were in violation of the Americans with Disabilities Act of 1990, the civil rights of the Plaintiff, occurred during the course of Plaintiff's employment with the Defendants and were carried out by the Defendant, its agents, servants, and employees.

63.     The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant because of Plaintiff's disability.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a)     That this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of Title I of the Americans with Disabilities Act of 1990;

(b)     That this court permanently enjoin the Defendants from engaging in discrimination against its employees on account of their disability;

(c)     That this court permanently enjoin the Defendant from discriminating against its employees on the basis of disability with regard to the terms and conditions of employment;

(d)     That this court order the Defendant to pay Plaintiff compensatory damages;

10

(e)     That this court order the Defendants to pay to Plaintiff punitive damages;

(f)     That this court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(g)     Entry of a money judgment, awarding Plaintiff damages representing lost wages and all sums of money, including retirement benefits and other employment benefits which Plaintiff would have earned had she not been discriminated against together with interest on said amounts; and

(h)     That this court award such other and further relief as may be just and equitable.

## VIII.   JURY DEMAND

Plaintiff hereby demands a trial by jury.


Respectfully submitted, this the 10th day of April, 2017.


THE LAW OFFICE OF KRISTY M. KIRKLAND


Kristy M. Kirkland(KIR041)
Attorney for Plaintiff
P.O. Box 2063
Dothan, AL 36302
(334) 803-8228


SERVE DEFENDANT AT:

WAYNE FARMS, LLC, C T Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.